UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ER and MVP, *an adult*,

Petitioners,

v.

JULIO HERNANDEZ, *Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations (“ICE/ERO”)*; DAVID VENTURELLA, *Acting Director of Immigration Customs Enforcement (“ICE”)*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security (“DHS”)*; U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, *Attorney General of the United States*,

Respondents.

Case No. 1:26-cv-01735-MTK

**ORDER**

**KASUBHAI,** United States District Judge:

Petitioners ER and MVP were detained by Respondents on August 20, 2026, and has filed a Petition for Writ of Habeas Corpus. ECF No. 1.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of the Petition and this Order upon Respondents through the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

2. Within three days of service of the Petition on Respondents, Respondents are ORDERED to show cause why the writ should not be granted.
3. A hearing is SET for Friday, August 21, 2026 at 9:00AM by videoconference to discuss whether good cause exists to adopt a different briefing schedule, to set a hearing date, and to address any requests for interim relief.
4. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, see 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (*quoting United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

5. Unless otherwise ordered by this Court, Respondents are ORDERED not to move Petitioners outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed, Petitioners shall not be moved out of the District of Oregon for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.
6. If Respondents have already moved Petitioners outside of this District, Respondents are ORDERED to notify the Court within two hours of being served with this Order. Such notice must be filed in writing and on the docket in this proceeding. Respondents are further ORDERED to state in any such notice the exact date and time that Petitioners left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.
7. If Respondents have already moved Petitioners outside of this District, Respondents are ORDERED not to further move Petitioners from Petitioners' current location without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed, Petitioners shall not be moved for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a

weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

8. If Petitioners remains in custody, Respondents must make Petitioners available for a three-hour telephonic visit with Petitioners' attorney, during business hours, on or before August 25, 2026, and must provide counsel with at least two hours' notice.
9. Respondents must allow Petitioners' counsel to accompany Petitioners to all further immigration matters, hearings, and meetings, including check-ins with Immigration and Customs Enforcement, and provide counsel with at least 24 hours' notice of such matters.
10. Lastly, to expedite Respondents' ability to file a Response to the Petition, Petitioners are ORDERED to share Petitioners' "Alien Registration Number" (if known) with Respondents within 24 hours of the filing of this Order.

**IT IS SO ORDERED.**

DATED this 20th day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge